UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-03641-FWS-SSC Date: July 2, 2026
Title: Amilcar Eduardo Rivera Ortega v. Warden *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Priscilla Deason for Rolls Royce Paschal<br>Deputy Clerk | N/A<br>Court Reporter |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

On July 1, 2026, *pro se* Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1 ("Petition").) The same day, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 2 ("Application").) According to Petitioner, he is currently detained by Immigration and Customs Enforcement, (*id.* at 2), and seeks a temporary restraining order prohibiting Respondents from transferring Petitioner from his place of detention, removing Petitioner from the United States, and taking any action to facilitate his transfer or removal, (*id.* at 6).

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05. (Dkt. 4.) The General Order provides an expedited briefing schedule on petitions like Petitioner's, under which Respondents' answer to the Petition is due "no later than 7 days from the date the Clerk's Office issues" the Notice of the General Order and Petitioner's reply is due no later than 14 days after the answer is served. (*Id.* at 2.) The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.) The General Order goes on to advise that "[i]f the petitioner believes that an application for a temporary restraining order is appropriate, the application . . . must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19." (*Id.* at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-03641-FWS-SSC Date: July 2, 2026
Title: Amilcar Eduardo Rivera Ortega v. Warden *et al.*

In this case, the court finds Petitioner fails to make an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.) As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO"; "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Wang v. Warden of Desert View Annex Det. Facility*, 2026 WL 931095, at *1 (C.D. Cal. Apr. 2, 2026); *see also Bozoian v. Noem, et al.*, 2026 WL 1045662, at *1 (C.D. Cal. Apr. 13, 2026) ("Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition. If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot. Nor does Petitioner address in the Application why immediate relief is warranted in spite of the standard scheduling order, as required by the General Order. *See* General Order 26-05 at 3."); *Argueta v. Secretary of Homeland Security*, 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); *Chen v. Mullin*, 5:26-cv-01684-MCS-PVC, Dkt. 7 (C.D. Cal. Apr. 8, 2026) (similar).

For the foregoing reasons, the Application is **DENIED**. Proceedings on the merits of the Petition will continue before the assigned Magistrate Judge consistent with General Orders 05-07 and 26-05.